**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TONY CURTIS AINLEY, JR.                                                                        PLAINTIFF
ADC #140402

V.                                            NO: 5:11CV00282 BSM/HDY

BRIAN T. PERKINS                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such  a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Tony Curtis Ainley, Jr., filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 31, 2011.  On February 23, 2012, Defendant filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #14-#16).  Plaintiff filed a response on March 19, 2012 (docket entry #21), as well as his own motion for summary judgment and supporting brief (docket entries #22 & #23).  Defendant filed a reply to Plaintiff's motion and response on March 22, 2012 (docket entry #24).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, Defendant opened and confiscated his mail.  Defendant asserts that Plaintiff's claim against him should be dismissed because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, that Plaintiff failed to state a claim upon which relief may be granted, and that Defendant is entitled to sovereign and qualified immunity.  Because Defendant demonstrated that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Defendant's motion should be granted.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of his claim that Plaintiff failed to exhaust his administrative remedies, Defendant has provided the affidavit of Tiffanye Compton, the ADC's inmate grievance supervisor (docket

entry #16-2).  According to Compton, Plaintiff initiated grievance VSM-11-2045 relating to the claims in this lawsuit, but did not complete the grievance appeals procedure, and therefore did not exhaust his administrative remedies.[1]  Defendant has also attached the ADC grievance policy, which provides that the grievance process is complete once the inmate receives a written decision, or rejection of the appeal, from the chief deputy/deputy/assistant director (docket entry #16-1, page #12).  Although Plaintiff asserts in his motion for summary judgment that he did exhaust his administrative remedies, he has presented no evidence to demonstrate such exhaustion.  Indeed, documents Plaintiff himself provided indicate that Plaintiff did not appeal the warden's unfavorable decision on his grievance (docket entry #2, page #13).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because Plaintiff failed to properly exhaust his administrative remedies pursuant to ADC policy before he filed this lawsuit, his complaint should be dismissed.  Because exhaustion is a threshold issue, and Defendant is entitled to summary judgment on that basis, Plaintiff's motion for summary judgment should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's motion for summary judgment (docket entry #14) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      Plaintiff's motion for summary judgment (docket entry #22) be DENIED.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1]Plaintiff attached documents relating to grievance VSM-11-2045 to his complaint.  Plaintiff received a decision from the warden on October 2, 2011, but there is no indication that he appealed that decision (docket entry #2, page #13).

dismissing this action is considered frivolous and not in good faith.

     DATED this  2   day of April, 2012.


_____
UNITED STATES MAGISTRATE JUDGE